## JONAS E. STONE *versus* GEORGE C. DEAN and Company, and G. C. ADAMS, trustee.

No person is to be charged in process of foreign attachment, for choses in action deposited in his hands.

And, in general, a trustee, who has given a negotiable note to the principal, cannot be charged on account of such note. But if the note, in such a case, has been deposited by the principal in the hands of the trustee, the trustee may be charged for the amount of the note.

When a person is summoned as the trustee of a firm, he may be charged, if he have in his hands any goods belonging to any one of the firm.

THE trustee, in this case, stated in his answers to the interrogatories put to him, that after the failure of George C. Dean and company, George C. Dean being arrested upon three writs, which had been sued out against the company, the trustee, on the 25th June, 1829, became his bail, as an indemnity for which, said Dean placed in his hands sundry notes of hand, signed by sundry persons. Some of the notes were payable to said Dean or order, and some of them were payable to the company, or order. Two of the notes were signed by the trustee himself, one of which, given for cash lent after the failure, was payable to said Dean ; the other was payable to the company. For all these notes the trustee gave a receipt, promising to account for them with the said Dean, or order. All the notes remained in his possession until February 1, 1830, when, by order of Dean, they were all delivered to J. Wilson. The writs, by virtue of which Dean was arrested, were returnable in October, 1829, but the actions were never entered in court. J. Wilson, on receiving the notes, gave to the trustee a bond of indemnity, and the trustee has never paid the notes given by him as aforesaid ; and no part of the other notes was ever paid to the trustee. The writ in this case was served upon the trustee on the 14th October, 1829.

*Joel Parker*, for the plaintiff.

*Handerson*, and *Wilson*, for the trustee.

The opinion of the court was delivered by

Stone
*v.*
Dean, et al.

RICHARDSON, C. J.   It is settled that a trustee cannot be charged by reason of choses in action deposited in his hands.   It was so decided in the case of *Fairbanks & Loring* v. *Moses Baker, and trustee*, Grafton, May term, 1831.   And the law is the same in Massachusetts.   5 Pick. 28, *Andrews* v. *Ludlow*; 7 Mass. Rep. 438; 8 Pick. 298, *Lupton* v. *Cutter*; 9 Mass. Rep. 537.

If, then, the trustee is to be charged at all, it must be on account of the notes given by himself.

It has always been considered as settled, in this state, that a trustee, who has given a negotiable note to the principal, cannot be charged as a trustee on account of such note.   The reason of this rule is founded upon the negotiable quality of the paper.   If the trustee could be charged in such a case, then it might happen that either a *bona fide* purchaser of the note must lose the amount of it, or the maker, without any fault on his part, be compelled to pay it twice.   To avoid such a dilemma, the rule was established.   But in this case, when the process was served upon the trustee, he had the notes he had given in his own hands, and under his own control; and those notes could not be transferred to any other person in the ordinary course of business, while he then held them, nor can he be held to pay them again, if he shall be charged in this suit on that account.   The reasons on which the rule is founded do not then appear to exist in this case.

When a suit is brought against a firm, not only the partnership property, but the separate property of each individual of the firm may be attached, and holden to pay the debt.   And we see no reason why a person who is summoned as a trustee, in such a case, should not be adjudged a trustee, if he have any goods, effects, or credits of any one of the firm in his hands.

*Trustee charged for the amount of his own notes.*